**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IFEANYICHUKWU ABAKPORO,<br><br>*Plaintiff*,<br>v.<br><br>EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,<br><br>*Defendant*. | Civil Action No. 18-846 (TJK) |

## MEMORANDUM OPINION

Plaintiff Ifeanyichukwu Abakporo, a federal prisoner proceeding *pro se* and *in forma pauperis,* filed this lawsuit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking certain records from Defendant Executive Office of United States Attorneys (EOUSA). Specifically, he requests records about the dates on which the term of the grand jury that returned an indictment against him was extended, as well as any court orders relating to those extensions. EOUSA, for its part, has not undertaken a search for responsive records, since in its view, the records are subject to FOIA's Exemption 3, which covers "matters specifically exempted from disclosure by statute," including grand-jury information. Both Abakporo, ECF No. 12, and EOUSA, ECF No. 17, have moved for summary judgment. For the reasons explained below, the Court will grant summary judgment for Abakporo.[1]

[1] In evaluating these motions, the Court considered all relevant filings including, but not limited to, the following: Plaintiff's Complaint, ECF No. 1; Plaintiff's Motion for Summary Judgment (which Plaintiff characterizes as a Motion to Compel), ECF No. 12; Defendant's Cross-Motion for Summary Judgment, ECF No. 17; Declaration of Natasha Hudgins in Support of Defendant's Cross-Motion for Summary Judgment, ECF No. 17-1; Defendant's Opposition to Plaintiff's Motion for Summary Judgment, ECF No. 19; Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment, ECF No. 22; Plaintiff's Opposition to Defendant's Cross-Motion for Summary Judgment, ECF No. 23; and Defendant's Reply to Plaintiff's Opposition to Defendant's Cross-Motion for Summary Judgment, ECF No. 28.

## I. Factual and Procedural Background

Abakporo alleges that he was indicted by a grand jury sitting in the Southern District of New York on April 26, 2012, and that the government secured three superseding indictments against him, with the last being returned on May 2, 2013. ECF No. 12 at 2. Subsequently, he claims, the government convicted him of three counts of mortgage fraud for which he is serving a 72-month sentence. *Id.* During his post-conviction proceedings, the government apparently represented to the District Court,[2] and the Second Circuit,[3] that the "records of the U.S. Attorney's Office of the Southern District of New York" indicate that the grand jury that returned the May 3, 2013 indictment "was empaneled on or about September 22, 2011, for an 18-month term and that its term was extended for three additional six-month terms, for a total term of 36 months."

On July 7, 2017, Abakporo directed a FOIA request to EOUSA, requesting (1) the dates on which the grand jury's term was extended from September 22, 2011, to May 2, 2013, and (2) any court orders effectuating those extensions, ECF No. 22-1 at 6. His request was motivated, apparently, by his belief that the grand jury term was not properly extended. ECF No. 1 ¶ 14. On August 11, 2017, EOUSA denied his request. ECF No. 1-1 at 1. In a letter to Abakporo, EOUSA informed him that "[g]rand jury material is exempt from mandatory release pursuant to 5 U.S.C. § 552(b)(3), which exempts from release 'matters specifically exempted from disclosure by statute.'" ECF No. 1-1 at 1. For that reason, EOUSA asserted, because "Rule 6(e) of the Federal Rules of Criminal Procedure . . . provides that grand jury proceedings shall be

---

[2] *See* ECF No. 1-1 at 9 (citing Government's Memorandum of Law in Opposition at 25 n.8, Pierce v. United States, 16-cv-7669 (JLC), 2018 WL 4179055 (S.D.N.Y. Aug. 31, 2018)).

[3] *See* ECF No. 22-1 at 2 (citing Affirmation in Support of Appellee's Motion to Dismiss at 7 n.2, United States v. Abakporo, No. 16-3019 (2d Cir. Feb. 14, 2017)).

secret, disclosure of grand jury information is prohibited by law." ECF No. 1-1 at 1. Abakporo appealed this determination, but it was denied for the same reasons. ECF No. 1-1 at 3–7. On April 5, 2018, he filed this lawsuit, alleging that EOUSA wrongfully withheld the records at issue from him. ECF No. 1. The parties have each moved for summary judgment. ECF Nos. 12, 17. The sole question on which their motions turn is whether EOUSA has met its burden of proving that the records requested by Abakporo are properly subject to FOIA's Exemption 3.

## II. Legal Standard

"Summary judgment is appropriately granted when, viewing the evidence in the light most favorable to the non-movants and drawing all reasonable inferences accordingly, no reasonable jury could reach a verdict in their favor." *Lopez v. Council on Am.–Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016). "The evidence presented must show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "In the FOIA context, a district court reviewing a motion for summary judgment conducts a de novo review of the record, and the responding federal agency bears the burden of proving that it has complied with its obligations under the FOIA." *MacLeod v. U.S. Dep't of Homeland Sec.*, No. 15-cv-1792 (KBJ), 2017 WL 4220398, at *6 (D.D.C. Sept. 21, 2017) (citing 5 U.S.C. § 552(a)(4)(B)). "[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011).

If the agency has invoked any of FOIA's exemptions, "[t]he burden is on the agency to justify withholding the requested documents." *EPIC v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 522 (D.C. Cir. 2015). "Summary judgment is warranted on the basis of agency affidavits when the affidavits describe the justifications for nondisclosure with reasonably specific detail,

demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)). The agency cannot rely on "conclusory and generalized allegations of exemptions." *Morley v. CIA*, 508 F.3d 1108, 1115 (D.C. Cir. 2007) (quoting *Founding Church of Scientology of Wash., D.C., Inc. v. Nat'l Sec. Agency*, 610 F.2d 824, 830 (D.C. Cir. 1979)).

## III. Analysis

Exemption 3 covers records that are "specifically exempted from disclosure by statute" if that statute "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue" or "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). To successfully invoke this exemption, EOUSA "need only show that the statute claimed is one of exemption as contemplated by Exemption 3 and that the withheld material falls within the statute." *Larson*, 565 F.3d at 865 (citation omitted).

EOUSA asserts this exemption based on Federal Rule of Criminal Procedure 6(e), which bars the disclosure of matters occurring before a grand jury. *See* Fed. R. Crim. P. 6(e)(2)(B). Because Congress affirmatively enacted it, Rule 6(e) is recognized as a "statute" for Exemption 3 purposes. *See Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 867 (D.C. Cir. 1981). Rule 6(e) does not prevent disclosure of all information related to a grand jury; the relevant test is whether disclosure "tend[s] to reveal some secret aspect of the grand jury's investigation, [such as] the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like."

*Lopez v. U.S. Dep't of Justice*, 393 F.3d 1345, 1349 (D.C. Cir. 2005) (internal quotation marks omitted).

Abakporo is entitled to summary judgment because EOUSA has not demonstrated that the dates the grand jury's term was extended, or any court orders authorizing those extensions, "tend to reveal some secret aspect of the grand jury's investigation" so that they are covered by Exemption 3. *Id.*

First, there is no self-evident reason why this would be so. The records and information at issue appear to concern the grand jury's administrative procedures, as opposed to the substance of any specific investigation. As a result, it is hard to see how those materials would tend to reveal information such as "the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, [or] the deliberations or questions of jurors*."* *Id*. This is all the more so because the government has already disclosed that the relevant grand jury was "empaneled on or about September 22, 2011, for an 18-month term and that its term was extended for three additional six-month terms, for a total term of 36 months." *See* ECF No. 22-1 at 2 n.2. The specific dates the grand jury's term was extended, and any related court orders doing so, would appear to reveal little beyond that already-public information.

Second, the declaration submitted by EOUSA in support of its invocation of Exemption 3 offers no explanation as to how these dates, or the orders reflecting them, would tend to reveal a secret aspect of the grand jury's investigation.[4] The declaration simply asserts, in a conclusory and generalized manner, that "releasing [the] information . . . would run the risk of piercing [the]

---

[4] The declaration also references various exhibits, none of which were in fact filed with it. *See* ECF No. 17-1 at 3.

grand jury cloak of secrecy by revealing information contemplated by the determining body." ECF No. 17-1 at 4. The declaration does not describe how disclosing the information at issue would pierce the cloak of secrecy, or why doing so would reveal secret grand-jury information to Abakporo. The declaration is thus of little help to EOUSA in meeting its burden to "demonstrate that disclosure of the [records and information sought] would tend to reveal the inner workings of the grand jury investigation." *Lopez*, 393 F.3d at 1350.

Third, the limited case law on this subject does not suggest that the dates a grand jury's term was extended would tend to reveal a secret aspect of its investigation, either as a categorical matter or otherwise. *See id.* at 1351 (holding that the issuance dates of grand jury subpoenas, as well as the dates of post-testimony witness debriefings, "categorically fall within the third exemption to FOIA"); *see also Senate of the Commonwealth of Puerto Rico on Behalf of the Jud. Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987). Both parties direct the Court to *Murphy v. Exec. Office for U.S. Attys*., 789 F.3d 204 (D.C. Cir. 2015), in which the D.C. Circuit found that the "dates and times of day that the grand jury convened" about specific cases were covered by Exemption 3. *Id.* at 209. But *Murphy* is distinguishable from the situation here in several ways that underscore the Court's conclusion that on this record, the government must provide Abakporo the requested records and information.

In *Murphy*, the D.C. Circuit grounded its holding in its concern that an individual whose conduct had been investigated by a grand jury might be able to use specific date-and-time information about when it convened—along with information about the whereabouts of potential witnesses—to reverse-engineer the identities of those who appeared before it. *Id*. And of course, the identities of witnesses are covered by Exemption 3. *See Lopez*, 393 F.3d at 1349. The Circuit also reasoned that disclosing "the times and dates a grand jury considered evidence

or deliberated in a particular case" would also "reveal the content of grand jury deliberations by disclosing how long a particular 'matter occurr[ed] before the grand jury,' Fed. R. Crim. P. 6(e), how much or how little evidence was weighed and which witnesses most occupied the grand jury's time." *Murphy*, 789 F.3d at 210–11 (alteration in original). "That information could shed light on the nature of the grand jury's investigative and deliberative processes." *Id.* at 211. Indeed, the Circuit held, it would impermissibly "tend to reveal the complexity and 'scope, focus and direction of the grand jury investigations.'" *Id.* (citing *Fund for Constitutional Gov't*, 656 F.2d at 869).

None of the issues the Circuit identified in *Murphy* are present on the record here. There is no reason to think that Abakporo could use the dates that the grand jury's term was extended in a similar way to reverse-engineer the identities of witnesses, or to obtain other secret grand-jury information. The information at issue is not specific to Abakporo's case, so there does not appear to be a risk that it would tend to reveal anything about the complexity, scope, focus or direction of any distinct investigation.[5] And in reaching its conclusion, the Circuit relied heavily on a supplemental declaration submitted by EOUSA in which an experienced prosecutor explained in detail how a defendant could use the date-and-time information to discover the identities of grand-jury witnesses.[6] *Id.* at 209–210. No such declaration is part of the record in this case.

---

[5] EOUSA represents that the grand jury at issue here was a "special" grand jury. *See* ECF No. 17 at ¶ 3. Special grand juries may be summoned "because of criminal activity" in certain judicial districts. 18 U.S.C. § 1331(a). But EUOSA makes no argument why this designation should play a role in the Court's analysis.

[6] In fact, the Circuit held that the declaration distinguished the case from a prior one in which a court had concluded that similar grand-jury date-and-time information was *not* covered by Exemption 3. *Id.* at 212 (distinguishing *Peay v. U.S. Dep't of Justice*, No. 04–cv–1859 (CKK), 2007 WL 788871 (D.D.C. Mar. 14, 2007)).

Finally, in *Murphy*, EOUSA agreed to disclose to the plaintiff "the date the grand jury was impaneled and expired," as well as "the name of the judge who supervised the grand jury," withholding only the specific date-and-time information that was the subject of the litigation. *Id.* at 207. And the Circuit noted that in a prior case, a district court had similarly ordered "the date the grand jury convened, the date the indictment was returned or issued, and the date the grand jury was discharged" disclosed to a FOIA plaintiff. *Id.* at 212 (quoting *Hill v. U.S. Dep't of Justice,* No. 11–cv–273, ECF No. 29, at 8 (D.D.C. Dec. 19, 2011) (magistrate report and recommendation)). In that case, as in others in this Circuit,[7] the court also ordered the disclosure of records "containing the name of the judge who summoned the grand jury," *Hill*, No. 11-cv-273, ECF No. 29 at 9. As compared to the case-specific date-and-time information the Circuit held was covered by Exception 3 in *Murphy*, the dates that the grand jury here was extended (and copies of any related orders reflecting the name of a judge) are much more like the type of general, administrative information about the grand-jury process that EOUSA voluntarily disclosed in that case, that other district courts have required to be disclosed, and that has already been revealed to Abakporo.

[7] *See Fowlkes v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 139 F. Supp. 3d 287, 293–94 (D.D.C. 2015).

## IV. Conclusion

For the above reasons, the Court will grant Abakporo's Motion for Summary Judgment, ECF. No. 12, and deny EOUSA's Motion for Summary Judgment, ECF No. 17. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 5, 2019